UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ANNA T. BALASH-IOANNIDOU, Individually
    Plaintiff

-against-

CONTOUR MORTGAGE CORPORATION;
LOANCARE, LLC;

    Defendants.

------------------------------------------------------------------X



COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Index No. 1:22-CV-807
(GLS/DJS)

COMES NOW Plaintiff, Anna T. Balash-Ioannidou individually, files this Complaint against Defendants, CONTOUR MORTGAGE CORPORATION ("CONTOUR") and LOANCARE, LLC ("LOANCARE"), for a declaratory judgment and other equitable relief, and allege as follows:

**PRELIMINARY STATEMENT**

Defendants are the original lender and foreclosing parties in regard to 3051 Main Street Valatie, New York 12184. Defendants have asserted a lien against the property located at 3051 Main Street Valatie, New York 12184 which is owned by the Plaintiff. Under the law of subrogation, Plaintiff has a right to step in and discharge the outstanding debt against the property by being the endorser of the note and mortgage. Accordingly, Plaintiffs respectfully request that the Court issue declaratory judgments that: 1) Pursuant to federal and state law, Plaintiff is entitled to discharge their debt with payment by negotiable instrument through Notary Presentment sent to the defendant. See attached Notice of Protest Notice of Dishonor for Non-Acceptance; CERTIFICATE OF DISHONOR made pursuant to Uniform Commercial Code § 3-505. EVIDENCE OF DISHONOR.

## PARTIES

1.      At all times material to this action, Plaintiff, Anna T. Balash-Ioannidou resided in Astoria, Queens County, New York.

2.      At all times material to this action, Defendant CONTOUR was a foreign business corporation registered in the State of Delaware.

3.      At all times material hereto, CONTOUR was the original lender of the mortgage and lien assigned to LOANCARE.

4.      At all times material to this action, Defendant LOANCARE was a limited liability company registered in the State of Virginia.

5.      At all times material to this action, LOANCARE is the current foreclosing party on the real property at 3051 Main Street Valatie, New York 12184 under New York State Columbia County Supreme Court Case # E012021017761.

## JURISDICTION

6.      This is an action for declaratory judgment and other appropriate relief brought pursuant to Federal Rules of Civil Procedure Rule 57. Declaratory Judgment and 28 U.S.C. §2201.

7.      This Court has jurisdiction pursuant to 28 U.S. Code § 1332

## VENUE

8.      Venue is proper in this Court pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims in this case occurred in this judicial district.

9.      Further, Defendants may be found in this judicial district as they conduct business in this judicial district.

## GENERAL ALLEGATIONS

10.    On or about April 1st, 2022, Plaintiff issued a payment through Notary Presentment to Defendants in the amount of $225,000.00.

11.    On or about April 16th 2022 the foreclosing defendant dishonored the payment submitted through Notary Present

12.    On May 20th 2022 the Notary officer issued a Notary Protest

13.    On May 20th 2022 the Notary issued a Certificate of Dishonor, which under NY State law [New York Consolidated Laws, Uniform Commercial Code - UCC § 3-509. Protest; Noting for Protest] is considered a satisfaction of Mortgage.

14.    Pursuant to the federal rules of evidence Rule 901. Authenticating or Identifying Evidence Rule 902. Evidence That Is Self-Authenticating, documents authenticated by a state officer and presented before the court as evidence is the only prima facia evidence that the court shall consider.

15.    Plaintiff received notary protest from the notary on May 20th 2022.

16.    Plaintiff received certificate of dishonor on May 20th 2022.

17.    Plaintiff did issue payment of debt through notary presentment. See attached true copies of Notary Presentment and Certificate of Dishonor, Authenticated by the County and Certified by the State of New York, See EXHIBIT A.

18.    Plaintiff had a security audit performed on July 11th, 2018 showing that a fraud was committed on the mortgage. See attached true copy of CERTIFIED FORENSIC LOAN AUDITORS, LLC PROPERTY SECURITIZATION ANALYSIS REPORT, See EXHIBIT B.

## COUNT I

### Declaratory Judgment – Doctrine of Subrogation

19.    Plaintiff incorporates the allegations contained in Paragraphs 1 through 18 as if fully stated herein.

20.    The federal subrogation doctrine provides that subrogation can occur when one party takes on the legal rights of another, especially substituting one creditor for another.

21.    A person can invoke the rule of subrogation when fraud, mistake, or some other consideration is shown. Stroh v. O'Hearn, 176 Mich. 164 (Mich. 1913).

## COUNT II

### Complaint for Injunction Relief

22.    Plaintiff incorporates the allegations contained in Paragraphs 1 through 21 as if fully stated herein.

23.    The negotiable instrument in the amount of $645,300.00 was sent as settlement proceeds to the foreclosing Defendant through the notary presentment, pertaining to mortgage transaction and the foreclosure action against the plaintiff.

24.    Because Plaintiff sent payment through Notary Presentment this is considered payment and settlement of the principal and interest of the loan.

### RELIEF REQUESTED

**WHEREFORE,** Plaintiffs respectfully request that the Court enter an order in favor of Plaintiffs:

1.    Declaring that negotiable instrument in the amount of $645,300.00 is sufficient payment obtained by Defendants, thereby precluding Defendants from recovering on the lien they have asserted on Plaintiffs' real property at 3051 Main Street Valatie, New York 12184

2.    Remove mortgage lien on the real property at 3051 Main Street Valatie, New York 12184.

3.    To provide injunctive relief from the ongoing foreclosure action under New

York State Columbia County Supreme Court Case # E012021017761.

4.    Retaining jurisdiction to ensure compliance with the Court's order.

5.    Awarding Plaintiff all reasonable fees and all other reasonable expenses incurred in the pursuit of this action.

6.    Granting other such relief as the Court may deem just and proper.

Date: July 3/ , 2022

Respectfully submitted,

By _____
Anna T. Balash-Ioannidou, Plaintiff